**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CARLOS RUIZ, | ) | 2:14-cv-00412-JAD-CWH |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| BRIAN E. WILLIAMS, et al., | ) | |
| Defendants. | ) | |

Presently before the Court is Defendants' Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 30), filed on February 12, 2016. Defendants request to extend the deadline for filing motions for summary judgment, which was February 17, 2016, by 30 days. Plaintiff did not respond to the motion.

Defendants filed this motion five days before the dispositive motions deadline in contravention of Local Rule 26-4, which requires all motions or stipulations to extend deadlines to be filed 21 days before the expiration of the subject deadline. Defendants acknowledge that they were aware of the impeding dispositive motions deadline and that they were working on compiling records and obtaining declarations. However, Defendants argue that excusable neglect exists for their failure to timely file the motion because a deputy attorney general departed from the Office of the Attorney General, resulting in the distribution of several active cases with immediate deadlines to Defendants' counsel. Defendants also argue that their counsel has a significant number of cases in various stages of litigation.

In evaluating excusable neglect, the Court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the

danger of prejudice to the nonmoving party. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996).

Here, the Court finds that Defendants do not demonstrate excusable neglect for their failure to timely file the motion. Although Defendants' counsel's declaration states that active cases with immediate deadlines were assigned to her, she does not provide any specifics regarding when the cases were assigned to her or when the immediate deadlines were. Without this information, it is impossible for the Court to evaluate whether Defendants' failure to timely file the motion to extend was in Defendants' reasonable control or whether Defendants acted in good faith in requesting the extension. The Court also notes that this is Defendants' second request to extend the dispositive motions deadline in this case and that the previous motion also was untimely. Regardless, the Court will grant the motion given that Plaintiff does not oppose the motion, that it will result in only a 30-day delay in the case, and that Plaintiff will not be prejudiced by the extension because it also will afford Plaintiff additional time to file a dispositive motion. Defendants' counsel is advised that any future motions to extend the deadlines in this case must be filed 21 days before the expiration of the subject deadline.

IT IS THEREFORE ORDERED that Defendants' Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that the dispositive motions deadline is extended to April 6, 2016.

DATED: March 7, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE